Nash, C. J.
 

 The •y the plaintiffs, in an action of ejecting The case states that no writ
 
 ofjmabere Sionem
 
 had issued upon this judgment,' taken any actual possession of the prenH ant had left it. The cases of Coble v. Wil
 
 lb
 
 urn, 1 Dev. Rep. 388, and Poston v. Henry, 11 Ired. Rep. 302, govern this. The first was an action on a covenant for quiet enjoyment. Jane Willbum had recovered from the plaintiff the land ■mentioned in the deed of conveyance, and after the recovery, .the plaintiff here purchased the land from her; his possession under the first purchase never was actually disturbed-The Supreme Court ruled that Coble could not recover, for the want of an actual eviction. 'The latter was an action of trespass for mesne profits. On the trial below, it ivas objected, that the plaintiff did not show that, after the recovery in ejectment, he had entered. His Honor, the late Chief Justice, in delivering the opinion of the Court, says: “The • Court thinks the objection a good one : a recovery in ejectment (alone) will not support an action for mesne profits; for it is trespass for an injuxy to the possession, and therefore fit is necessary for the plaintiff to show that he had regained the possession, either by being put in upon process, or let in.”
 

 
 *108
 
 In tbo ruling of tbe Court below, upon this point,-there is error, and the case must go to another jury.
 

 Judgment reversed, and a
 
 venire, de novo
 
 awarded.